IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURTIS C. RUFF and ILAGENE F.          )
RUFF, HUSBAND and WIFE                  )
          Plaintiffs,                   )
                                        )
     vs.                                )    Civil Action No.   07-0489
                                        )
AMERICA'S SERVICING COMPANY, U.S.       )
BANK, N.A., AMERICAN SECURITY,          )
INSURANCE COMPANY, MORTGAGE             )
CONTRACTING SERVICES AND JOHN DOE       )
          Defendants.                   )
                                        )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                    April 23, 2008

        This is a breach of contract case.  Plaintiff Ilagene

Ruff contends that defendants America's Servicing Company and U.S.

Bank, N.A. improperly caused her loan to fall into default.[1]

Plaintiff alleges common law claims of breach of contract and

fraud, as well as violations of the Fair Credit Reporting Act, 15

U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 et seq., and the Pennsylvania Unfair Trade Practices

and Consumer Protection Law, 73 P.S. § 201 et seq.

        The parties have filed cross-motions for summary

judgment.  For the reasons set forth below, defendants' motion

[Doc. Nos. 41] will be granted in part and denied in part;

---

[1]

Plaintiff Curtis C. Ruff died on May 17, 2007.  Defendants American
Security Insurance Company and Mortgage Contracting Services were
dismissed with prejudice by Orders dated July 31, 2007 and
September 25, 2007, respectively.

plaintiff's motion [Doc. No. 45] will be denied. Plaintiff's surviving state law claim will be dismissed without prejudice.

I.    BACKGROUND

Unless otherwise indicated, the facts set forth below are undisputed.

Plaintiff refinanced the loan on her property on April 14, 2004. On April 19, 2004, the original mortgagee assigned its interest in the note and mortgage to defendant U.S. Bank; defendant America's Servicing serviced plaintiff's loan on U.S. Bank's behalf beginning on July 1, 2004. Plaintiff's monthly mortgage payment was $2,153.05.

The loan was a non-escrow tax loan. The terms of the mortgage required plaintiff to "pay all taxes, assessments, charges, fines, and impositions attributable to the Property which [could] attain priority over" the mortgage loan. [Doc. No. 44-4]. The mortgage also required plaintiff to keep insurance on the property and to name U.S. Bank as a "mortgagee and/or an additional loss payee" on her insurance.

In the event plaintiff failed to pay her taxes or failed to perform any other covenant contained in the mortgage, the terms of the mortgage provided:

> Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Agreement,
> . . .

2

[Doc. No. 44-4 at p. 8]. The mortgage further provided that:

> Any amounts disbursed by Lender under this Section
> ... shall become additional debt of Borrower
> secured by this Security Instrument. These amounts
> shall bear interest at the Note rate from the date
> of disbursement and shall be payable, with such
> interest, upon notice from Lender to Borrower
> requesting payment.

Id. at 9.

In the event plaintiff failed to obtain the necessary insurance on the property, the mortgage permitted U.S. Bank to "obtain insurance coverage, at Lender's option and Borrower's expense." [Doc. No. 44-4 at p. 7]. Similar to the provisions relating to the payment of taxes, the mortgage included the following language regarding insurance:

> Any amounts disbursed by Lender under this Section
> ... shall become additional debt of Borrower
> secured by this Security Instrument. These amounts
> shall bear interest at the Note rate from the date
> of disbursement and shall be payable, with such
> interest, upon notice from Lender to Borrower
> requesting payment.

Id. at 7.

Plaintiff did obtain insurance, but failed to identify U.S. Bank as the mortgagee and/or additional payee on the policy. Consequently, defendants contend, they were not notified when plaintiff renewed her insurance. Defendants sent plaintiff multiple letters requesting proof of insurance to which plaintiff did not respond. Ultimately, defendant America's Servicing

3

obtained insurance for the property. Defendant America's Servicing's procurement of insurance, however, did not cause plaintiff's loan to increase.

In 2004, plaintiff failed to pay her school taxes. Defendant U.S. Bank created an escrow account and paid plaintiff's school taxes on her behalf. Defendant U.S. Bank maintained the escrow account going forward and funded the tax escrow with money from plaintiff's loan payment. Defendant U.S. Bank paid plaintiff's municipal and school taxes from the escrow account again in 2005. Although plaintiff attempted to pay her taxes herself in late August of 2005, her check was returned on September 1, 2005, as U.S. Bank had already paid her taxes from the escrow account.

As a result of defendant U.S. Bank paying plaintiff's taxes through the escrow account, plaintiff's loan payment increased. Despite the increased monthly loan payment, however, plaintiff continued to pay $2,153.05 per month through 2005. Consequently, plaintiff's loan eventually fell into default.[2]

On December 1, 2005, defendant America's Servicing initiated a foreclosure action against plaintiff. In April 2006, plaintiff paid $41,900.00 to have her loan reinstated. Incorrectly believing that the $41,900.00 payment included her next three

---

[2]

The parties agree that the insurance obtained by America's Servicing did not contribute to any default by plaintiff.

4

mortgage payments, plaintiff did not make loan payments in May, June, or July of 2006. When plaintiff finally made a payment in July of 2006 to make up for the three delinquent payments, she failed to include any amount for the late fees incurred.

In 2006, defendants continued to pay plaintiff's taxes through the escrow account, which continued to cause her loan payments to increase. Plaintiff, however, continued to make monthly loan payments of $2,153.05 which did not reflect the increases resulting from the escrow. Consequently, plaintiff's loan, once again, fell into default.

Defendant U.S. Bank initiated a second foreclosure action against plaintiff in May of 2007. On August 16, 2007, plaintiff sold the property and paid off her loan.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

247 (1986) (internal quotation marks omitted). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

To demonstrate entitlement to summary judgment, defendants, as the moving parties, are not required to refute the essential elements of the plaintiff's cause of action. Defendants need only point out the absence or insufficiency of plaintiff's evidence offered in support of those essential elements. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once that burden has been met, plaintiff must identify affirmative evidence of record that supports each essential element of his cause of action. If plaintiff fails to provide such evidence, then he is not entitled to a trial, and defendants are entitled to summary judgment as a matter of law.

It is on this standard that the court has reviewed the instant motions for summary judgment and the responses thereto. Based on the pleadings and evidence of record, and the briefs filed in support and opposition thereto, the court concludes that defendants are entitled to judgement as a matter of law with

6

respect to plaintiff's fraud, Fair Credit Reporting Act, Fair Debt Collection Practices Act, and Pennsylvania Unfair Trade Practices and Consumer Protection Law claims and plaintiff's breach of contract claim as against defendant America's Servicing, only. Defendants are not entitled to summary judgment on plaintiff's breach of contract claim against defendant U.S. Bank. The court further concludes that plaintiff is not entitled to judgment as a matter of law on any claim.

## III. DISCUSSION

### A. Breach of Contract

In Count I of her complaint, plaintiff claims defendant U.S. Bank breached the terms of the mortgage when it: (1) obtained insurance for the property because plaintiff had already obtained insurance; and (2) created the escrow account and paid plaintiff's taxes because the loan was a non-escrow loan.

To establish a breach of contract claim under Pennsylvania law[3], a plaintiff must prove three elements: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) damages. Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (citing CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super.

---

[3]Defendants assume, and plaintiff does not dispute, that Pennsylvania law applies to plaintiff's breach of contract and fraud claims. This court agrees.

7

Ct. 1999)). Plaintiff admits that the insurance obtained by defendant U.S. Bank did not cause her loan to increase, nor did it contribute to any loan default. As such, even assuming plaintiff could prove that the procurement of insurance constitutes a breach of the mortgage, plaintiff has not demonstrated that she suffered any resultant damages. Therefore, plaintiff cannot sustain a breach of contract claim based upon the procurement of insurance.

With respect to the creation of the escrow account and payment of plaintiff's taxes, defendant U.S. Bank responds that it was entitled to do so under the terms of the mortgage when plaintiff failed to pay her school taxes in 2004. In support of this argument, defendant U.S. Bank refers to the provision of the mortgage instrument, set forth above, which provides that in the event plaintiff fails to perform any of the covenants contained in the mortgage, defendant U.S. Bank may "do whatever is reasonable or appropriate" to protect its interest. Therefore, the issue is whether, as a matter of law, U.S. Bank's creation of the escrow account and payment of plaintiff's taxes in 2004, and its continued use of the escrow account after 2004 to pay plaintiff's taxes, were, or were not, "reasonable or appropriate." Because reasonable minds could differ as to whether defendant U.S. Bank's actions were "reasonable or appropriate" under the circumstances, this issue should be determined by a jury and not by the court as a matter of law. Accordingly, neither plaintiff nor defendant U.S. Bank is

8

entitled to summary judgment.

Defendant America's Servicing was not a party to the mortgage. Therefore, it cannot be held liable for breach of contract. As such, defendants' motion to dismiss plaintiff's breach of contract claim will be granted as to America's Servicing but denied as to defendant U.S. Bank. Plaintiff's motion will be denied as to her breach of contract claim.

B.  Fair Credit Reporting Act and Fair Debt Collection Practices Act

In Count II of her complaint, plaintiff alleges that defendant America's Servicing violated the Fair Credit Reporting Act ("FCRA") by "knowingly furnish[ing] false, inaccurate and negative information to three major credit reporting agencies and fail[ing] to correct and/or update the same." [Doc No. 1-A at ¶ 40]. Plaintiff, however, fails to identify the section of the FCRA that defendant America's Servicing allegedly violated. Section 1681s-2(a) imposes on furnishers of information the duty to provide accurate information to consumer reporting agencies. 15 U.S.C. § 1681s-2(a). Based upon her allegations, it appears that plaintiff is claiming that defendant America's Servicing violated that section of the FCRA. Section 1681s-2(a), however, is enforceable only by a governmental body and not through a private right of action. Fino v. Key Bank of New York, No. 00-375, 2001 WL 849700, *4 (W.D. Pa. July 27, 2001) (holding that no private right of action exists under section 1681s-2(a)).

9

While section 1681s-2(b) of the FCRA does provide a private right of action, it applies only after a consumer reporting agency notifies the furnisher of information of a dispute. See 15 U.S.C. § 1681s-2(b). In order to state a claim under section 1681s-2(b), the plaintiff must allege that: (1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information. See Jaramillo v. Experian Information Solutions, Inc., 155 F.Supp.2d 356, 363 (E.D. Pa. 2001); see also Fino, 2001 WL 849700, *5 (holding that under section 1681s-2(b), the plaintiff must show that the furnisher received information from a consumer reporting agency, as opposed to the plaintiff, that the credit information is disputed). Here, there is no allegation or evidence that plaintiff notified any consumer reporting agency of a dispute or that any consumer reporting agency notified defendant America's Servicing of a dispute. As such, plaintiff has failed to state a claim under the FCRA. Defendants' motion for summary judgment will, therefore, be granted as to this claim.

In Count II of her complaint, plaintiff also alleges that defendant America's Servicing violated the Fair Debt Collection Practices Act ("FDCPA") while acting as a debt collector.[4]

---

[4]

Once again, plaintiff fails to identify the section of the Act she claims is at issue.

10

According to plaintiff, America's Servicing knowingly and falsely represented the legal status of the her loan, communicated credit information to others, and communicated with plaintiff in writing to collect money to which it was not entitled in violation of the FDCPA. [Doc. No. 1-A at ¶ 41].

The FDCPA generally applies only to "debt collectors." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) (citations omitted). A "debt collector" is defined as a person who regularly collects or attempts to collect debts owed to "another." 15 U.S.C. § 1692a(6); see Pollice, 225 F.3d at 403. Creditors, those who collect in their own name, are not "debt collectors" and are not subject to the FDCPA. See Pollice, 225 F.3d at 403. An assignee of a creditor is also not a "debt collector" as long as the obligation was not in default at the time of the assignment. Id. Similarly, when a mortgage-servicing company is servicing a current payment plan rather than demanding payment on a defaulted loan, the mortgage-servicer is not subject to the FDCPA. Conklin v. Purcell, Krug & Haller, No. 05-1726, 2007 WL 404047, *5 (M.D. Pa. Feb. 1, 2007) (collecting authorities). If, however, the mortgage was already in default at the time the mortgage-servicer began servicing the loan, the mortgage-servicer will be considered a "debt collector" under the FDCPA. Id. (citation omitted).

Here, defendant America's Servicing began servicing

11

plaintiff's loan on defendant U.S. Bank's behalf on July 1, 2004. At that time, plaintiff's loan was not in default. Consequently, America's Servicing is not a "debt collector" and cannot be held liable under the FDCPA. Defendants' motion will, therefore, be granted as to this claim and plaintiff's motion will be denied.

     C.   <u>Fraud</u>

In Count III of her complaint, plaintiff alleges fraud against defendants. "To prove fraud in Pennsylvania, a plaintiff must prove six elements: (1) a misrepresentation, (2) material to the transaction, (3) made falsely, (4) with the intent of misleading another to rely on it, (5) justifiable reliance resulted, and (6) injury was proximately caused by the reliance." <u>Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.</u>, 401 F.3d 123, 136 (3d Cir. 2005) (citing <u>Viguers v. Phillip Morris USA, Inc.</u>, 837 A.2d 534 (Pa. Super. Ct. 2003).

There is no evidence to establish the elements of plaintiff's fraud claim. Indeed, plaintiff has not even attempted to argue in her briefs that facts supporting this claim exist. [Doc. Nos. 47, 52]. Plaintiff's fraud claim, therefore, fails as a matter of law. Defendants' motion will be granted and plaintiff's motion will be denied as to this claim.

     D.   <u>Pennsylvania Unfair Trade Practices and Consumer Protection Law</u>

In Count IV of her complaint, plaintiff alleges that

defendant America's Servicing "engaged in an ongoing course of fraudulent and deceptive conduct designed to create confusion and misunderstanding" in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[5] The UTPCPL includes a catchall provision which makes it unlawful to engage "in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xvii). In order to establish a violation of the catchall provision, a plaintiff must prove all of the elements of common law fraud. Skurnowicz v. Lucci, 798 A.2d 788, 794 (Pa. Super. Ct. 2002). As plaintiff has failed to establish all of the elements of her fraud claim, it necessarily follows that she cannot establish a claim under the catchall provision, section § 201-2(4)(xvii), of the UTPCPL. Plaintiff's UTPCPL claim, therefore, fails as a matter of law. Defendants' motion will be granted and plaintiff's motion will be denied as to this claim.

IV. <u>SUPPLEMENTAL JURISDICTION</u>

Where the district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Whether the court will exercise supplemental jurisdiction is within

---

[5] Yet, again, plaintiff has failed to identify what section(s) of the UTPCPL defendant America's Servicing allegedly violated.

its discretion. See Growth Horizons, Inc. v. Delaware County, Pa.,
983 F.2d 1277, 1284 (3d Cir. 1993). The primary justification for
exercising supplemental jurisdiction, judicial economy, is absent
if the substantive federal claims are no longer viable.

There is no bright line rule for determining whether a
supplemental state law claim should be dismissed when the federal
law claims have been eliminated before trial. The Supreme Court
has made clear, however, that the balance of factors, i.e.,
judicial economy, convenience, fairness, and comity, "will point
toward declining to exercise jurisdiction over the remaining state-
law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350
n.7 (1988). The court notes that plaintiff, who originally filed
this action in state court, indicates that the amount in
controversy is considerably less than $75,000, a prerequisite for
the court's exercise of diversity jurisdiction under 28 U.S.C.
1332(a). [Doc. No. 61 at ¶2].

The court finds that the balance of factors points toward
declining to exercise jurisdiction over plaintiff's supplemental
state law claim. Therefore, the court will remand plaintiff's
remaining breach of contract claim against defendant U.S. Bank to
state court pursuant to 28 U.S.C. § 1367(c)(3).

V.    CONCLUSION

For the foregoing reasons, defendants' motion for summary
judgment [Doc. No. 41] will be granted as to plaintiff's FCRA and

14

FDCPA claims (Count II), fraud claim (Count III), and UTPCPL claim (Count IV). Defendants' motion will be denied as to plaintiff's breach of contract claim (Count I) against defendant U.S. Bank. Plaintiff's motion for summary judgment [Doc. No. 45] will be denied. As the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claim, that claim will be remanded to state court pursuant to 28 U.S.C. § 1367(c)(3). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURTIS C. RUFF and ILAGENE F. )
RUFF, HUSBAND and WIFE )
     Plaintiffs, )
)
    vs. )    Civil Action No. 07-0489
)
AMERICA'S SERVICING COMPANY, U.S. )
BANK, N.A., AMERICAN SECURITY, )
INSURANCE COMPANY, MORTGAGE )
CONTRACTING SERVICES AND JOHN DOE )
     Defendants. )
)

# ∧d ORDER

AND NOW, this **23** day of April, 2008, upon consideration
of plaintiff's motion for summary judgment [Doc. No. 45] and
defendants' motion for summary judgment [Doc. No. 41], IT IS HEREBY
ORDERED THAT plaintiff's motion for summary judgment is DENIED;
defendants' motion for summary judgment is GRANTED as to Counts II,
III, and IV and is DENIED as to Count I.

IT IS FURTHER ORDERED THAT the court declines to exercise
supplemental jurisdiction over plaintiff's remaining state law
claim. Plaintiff's breach of contract claim against defendant U.S.
Bank will be remanded to state court pursuant to 28 U.S.C. §
1367(c)(3). The Clerk is directed to mark this case closed.

BY THE COURT: